# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 29, 2014 Session

## EVERETTE IVEY v. CRS EXTERIORS

### Appeal from the Circuit Court for Knox County
### No. C-13-367013    Deborah C. Stevens, Judge

### No. E2014-01518-COA-R3-CV-FILED-AUGUST 29, 2014

The appellant, Everette Ivey ("Plaintiff"), appeals from an order of the trial court which granted the motion for summary judgment filed by the appellee, CRS Exteriors ("Defendant"), entered judgment in favor of Defendant on its counterclaim and dismissed Plaintiff's claim for relief in the original complaint. The order held in abeyance "[t]he remaining issues with regard to the damages due [Defendant], along with the issue of attorneys' fees recoverable by [Defendant] under the terms of the contract" at issue in the proceedings below. Because it is clear that the order appealed from does not resolve all issues raised in the proceedings below, this appeal is dismissed for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., CHARLES D. SUSANO, JR., C.J., AND D. MICHAEL SWINEY, J.

Stephen Harold Byrd, Knoxville, Tennessee, for the appellant.

Christopher D. Heagerty, Knoxville, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The record has not yet been transmitted for this appeal. However, Defendant has filed a motion to dismiss the appeal asserting that order on review is not a final judgment because it fails to adjudicate "all the claims, rights, and liabilities of the parties" in the proceedings below. Tenn. R. App. P. 3(a).[2] A copy of the order on appeal accompanied the motion to dismiss. In response to the motion to dismiss, Plaintiff argues that the order on review constitutes a final judgment because it was validly entered in compliance with Rule 58(2) of the Rules of Civil Procedure, which states that "[e]ntry of a judgment or an order of final disposition is effective" when it is "marked on the face by the clerk as filed for entry" and contains "the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel."

The fact that the order on review may have been entered in accordance with the rule governing entry of final judgments does not make the order a final judgment. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In Re: Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Because it is clear that the order on review is not a final judgment, we grant Defendant's motion to dismiss and dismiss this appeal. Costs on appeal are taxed to Plaintiff, for which execution may issue if necessary.

**PER CURIAM**

---

[2]The motion also seeks to dismiss this appeal based upon the appellant's failure to file a bond for costs on appeal in accordance with Rule 6 of the Rules of Appellate Procedure.